BIN LI, et al., Petitioners,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al., Respondents.

No. 07–3102–ag.

United States Court of Appeals, Second Circuit.

May 27, 2008.

Bin Li, et al., pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mary Jane Canaux, Assistant Director; Jaesa Woods McLin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners, natives and citizens of China, seek review of a June 21, 2007 order of the BIA denying their motion to remand and affirming the April 12, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied their applications [1] for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li, Bin* No. A79 326 401/ A79 326 402/A78 859 911 (B.I.A. June 21, 2007), *aff'g* No. A79 326 401/A79 326 402/

---

1. The IJ pretermitted Bin Li and Chao Ling Li's asylum applications, and treated En Hui Dong's application as including Bin Li and Chao Ling Li as derivative applicants.

A78 859 911 (Immig. Ct. N.Y. City April 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. *Denial of Petitioners' Applications for Relief*

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, while the BIA did not expressly adopt the IJ's adverse credibility determination, it discussed several aspects of it and considered and rejected Petitioners' arguments on appeal. Accordingly, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen,* 417 F.3d at 271.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir. 2003).

■ We find that the agency's adverse credibility determination is supported by substantial evidence. The IJ reasonably concluded that Petitioners' testimony and evidence failed to rebut the Forensic Document Laboratory report in the record and forensic document analyst testimony indicating that the identification cards they submitted to the court were fraudulent. The record reflects that the forensic document analyst testified in detail regarding the basis for her conclusion that the identification cards offered by Petitioners were counterfeit. In particular, she testified that, as compared to genuine cards issued during the same time period and for individuals from Petitioners' area, Petitioners cards lacked certain security features. Petitioners submitted unauthenticated notarial certificates attesting to the authenticity of their identification cards. However, because the weight of documentary evidence lies largely in the discretion of the IJ, we will not disturb the IJ's finding that neither those certificates, nor the other unauthenticated documentary evidence in the record, outweigh the Forensic Document Laboratory report and the forensic document analyst's testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006).

Because Petitioners never indicated that their submission of fraudulent identification cards was unknowing, the IJ properly determined that their submission of fraudulent documents indicated an "overall lack of credibility." *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (emphasizing that "a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility"); *see also Matter of O–D–,* 21 I. & N. Dec. 1079, 1083 (BIA 1998); *cf. Corovic,* 519 F.3d at 97–98. Moreover, the

agency properly found that Petitioners' evidence, called into question by their submission of fraudulent documents, was insufficient to rehabilitate their credibility where that evidence was unauthenticated and contained no "indicia of reliability." *See Matter of O–D–*, 21 I. & N. Dec. at 1083.

Because the agency's adverse credibility determination could have been based on its fraudulent document finding alone, we need not reach the agency's other credibility findings. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158 (2d Cir.2006). Moreover, because the only evidence of a threat to Petitioners' lives or freedom depended upon their credibility, the adverse credibility determination in this case precludes success on their claims for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

## II. *Denial of Motion to Remand*

The BIA's denial of a motion to remand is held to the substantive standard of review for motions to reopen and reconsider—abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir.2005). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The BIA has held that it may deny motions to remand and motions to reopen when a *prima facie* case for the relief sought is not established. *Matter of Coelho*, 20 I. & N. Dec. 464 (BIA 1992); *cf. INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that failure to establish a *prima facie* case is a proper ground on which the BIA may deny a motion to reopen).

The BIA did not abuse its discretion in denying Petitioners' motion to remand based on the birth of a child in the United States. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005) (finding that the BIA does not abuse its discretion in denying a motion to reopen where the evidence submitted with that motion relates to the same claim the agency found not credible in the underlying proceeding); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir.2007) (finding that the application of the doctrine *falsus in uno, falsus in omnibus* is appropriate where the agency rejects documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding). Moreover, the record supports the BIA's finding that neither a report from the Laogai Research Foundation nor the 2000 U.S. Department of State Country Report on Human Rights Practices for China in the record discuss whether returning Chinese nationals with U.S.-born children are at risk of sterilization. Accordingly, we find no error in the BIA's conclusion that Petitioners failed to establish a *prima facie* case for relief. *See Matter of Coelho*, 20 I. & N. Dec. at 464.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).